JOSEPH MANGANI ET AL., PARTNERS, ETC., RESPONDENTS, v. STADIUM BOWLING ACADEMY ET AL., APPELLANTS.

Submitted October 3, 1944—Decided December 28, 1944.

Before Justices PARKER and COLIE.

For the appellants, *Newton H. Porter, Jr.,* and *Donald O. Hobart.*

For the respondents, *Louis H. Hollander.*

The opinion of the court was delivered by

PARKER, J. The dispute in this case is whether the delivery of a general release to the attorney of the appellants on terms that it was not to take effect until a balance claimed by the signers of the release to be due, should be paid, operated in law as an absolute delivery so as to bar a suit for such balance.

The facts of the case, shortly. stated, are that plaintiff-respondents were contractors for the erection of a building for appellant corporation, and on the final settlement there was a balance claimed by plaintiffs as unpaid, and apparently disputed by the corporate appellant. The District Court decided that there was a balance due of $406.50, and that finding is impregnable here. The argument for reversal is that plaintiffs delivered a sealed release to the attorney of defendants and that such release finally disposed of any dispute.

Our conclusion is to the contrary. The rule relied on by the late Vice-Chancellor Stevens, in the case of *Bowman* v. *Brown,* 87 *N. J. Eq.* 47; *affirmed, Id.* 363, on his opinion, is that where an agent takes a deed in escrow to be delivered to his principal upon payment of a certain sum, his agency does not incapacitate him from holding the deed in escrow. The rule was reaffirmed in substance in *Kelly* v. *Chinich,* 91 *Id.* 97, and appears in the text of 21 *C. J.* 877. A sealed release is clearly within the rule.

There was evidence in the case, and the trial court found as a fact, that there was a balance due the contractors, and by plain implication if not expressly, that plaintiffs delivered the release to the attorney of defendant corporation on terms that it was delivered in escrow, and to be used only when the claimed balance should be paid.

The judgment will accordingly be affirmed.